UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 22-174 |
| MICHAEL CRAWFORD | SECTION: "P" (1) |

Before the Court is a Motion to Vacate filed by Michael Crawford.[1] The United States of America ("the Government") opposes the motion.[2] For the following reasons, Crawford's Motion to Vacate is **DENIED**.

## I. BACKGROUND

On or about February 28, 2022, Crawford was involved in a dispute that escalated into a gunfight at a gas station parking lot in New Orleans.[3] Approximately five minutes after Crawford left the gas station area, police officers responded to a car crash involving Crawford and noticed Crawford had gunshot wounds in his chest and leg.[4] The officers also observed a firearm on the front passenger seat floorboard of Crawford's car.[5]

In August 2022, a federal grand jury charged Crawford with possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).[6] Crawford had previously pleaded guilty to possession of Tramadol in violation of Louisiana Revised Statute § 40:969(C)(2).[7] Assistant Federal Defender Warner Thompson represented Crawford in the federal proceedings.[8]

---

[1] R. Doc. 52.
[2] R. Doc. 60.
[3] R. Doc. 26 at 1-2.
[4] *Id.*
[5] *Id.* at 2.
[6] R. Doc. 1.
[7] R. Doc. 26 at 3.
[8] *See* R. Doc. 24.

1

On January 4, 2023, Crawford pleaded guilty to violating 18 U.S.C. § 922(g)(1), pursuant to a plea agreement in which he waived his right to appeal his conviction and his right to collaterally challenge his sentence.[9] At the rearraignment hearing, Crawford confirmed that he had voluntarily agreed to waive those rights, and Thompson told the Court that he had advised Crawford of his appeal rights and the consequences of waiving them.[10] Crawford also confirmed that he was pleading guilty because he was actually guilty of violating 18 U.S.C. § 922(g)(1).[11]

Before sentencing, Thompson filed an objection to the draft presentence investigation report ("PSR"), arguing that a four-point enhancement to Crawford's offense level pursuant to U.S.S.G. § 2K2.1(b)(6)(B) did not apply because Crawford discharged a firearm in self-defense.[12] Thompson also filed an 11-page motion for a downward departure, arguing that the draft PSR overstated Crawford's likelihood of recidivism.[13] The Government opposed both motions.[14]

At the sentencing hearing on August 15, 2023, the Court overruled Crawford's objection to the PSR and denied his motion for a downward departure.[15] The Court sentenced Crawford to 86 months of confinement,[16] at the low end of the guidelines range of 84 to 105 months, and informed Crawford that he had 14 days after judgment was entered to file a notice of appeal, or his right to appeal would be waived.[17] Crawford confirmed he understood the consequences of

---

[9] R. Doc. 25.  The plea agreement permits Crawford to challenge a sentence imposed in excess of the statutory maximum and to raise a claim for ineffective assistance of counsel.  *Id.* at 3.
[10] R. Doc. 58 at 17-18.
[11] *Id.* at 21.
[12] R. Doc. 33; *see also* U.S.S.G. § 2K2.1(b)(6)(B) (adding four points if the defendant "used or possessed any firearm or ammunition in connection with another felony offense").
[13] R. Doc. 38.
[14] R. Docs. 35 & 39.
[15] R. Doc. 47.
[16] R. Doc. 48.
[17] R. Doc. 59 at 31-32.

not timely appealing, and he told the Court that he did not wish Thompson had done anything differently in his defense.[18]

On June 10, 2024, Crawford timely filed this Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.[19]

## II. LAW AND ANALYSIS

28 U.S.C. § 2255 provides that a prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[20]  There are four grounds for a successful Section 2255 motion: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[21]

Crawford brings a claim for ineffective assistance of counsel in violation of the Sixth Amendment, which guarantees "reasonably effective" legal representation.[22]  The framework for such claims was devised by the Supreme Court in *Strickland v. Washington*.[23]  A petitioner bringing an ineffective assistance of counsel claim must show "(1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense."[24]  In *Strickland* claims, "the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence."[25]

---

[18] *Id.* at 32.
[19] *See* 28 U.S.C. § 2255(f)(1).
[20] 28 U.S.C. § 2255(a).
[21] *Id.*; *see also United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996).
[22] *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).
[23] 466 U.S. 668 (1984).
[24] *United States v. Calderon*, 655 F. App'x 356, 359 (5th Cir. 2018) (citing *Strickland*, 466 U.S. at 689-94).
[25] *United States v. Williams*, No. CR 13-286, 2019 WL 2603657, at *2 (E.D. La. June 25, 2019) (Vance, J.) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

Under the first prong of *Strickland*, a court should make "every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial."[26] Counsel's basic duty is to "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."[27]

To satisfy the second prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[28]

Crawford argues his conviction should be overturned for ineffective assistance of counsel on two grounds: (1) Thompson did not consult with him about his right to appeal his conviction and did not preserve an argument for appeal, and (2) Thompson did not move to dismiss his Section 922(g)(1) charge as unconstitutional pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*.[29] Because the first ground is premised, at least in part, on the viability of Crawford's *Bruen* argument, the Court will address the latter ground first.

**A. Failure to move to dismiss the indictment**

The Second Amendment provides that "the right of the people to keep and bear Arms . . . shall not be infringed,"[30] but, "[l]ike most rights, the right secured by the Second Amendment is not unlimited."[31] In *Bruen*, the Supreme Court held unconstitutional a New York state law that required residents to demonstrate "proper cause" to obtain a license to carry a handgun outside of

---

[26] *See Jones v. Jones,* 163 F.3d 285, 301 (5th Cir. 1998) (*quoting Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir. 1997)) (internal quotation marks omitted).
[27] *United States v. Conley,* 349 F.3d 837, 841 (5th Cir. 2003) (quoting *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000)) (internal quotation marks omitted).
[28] *Strickland,* 466 U.S. at 694.
[29] 597 U.S. 1 (2022).
[30] U.S. CONST. amend. II.
[31] *D.C. v. Heller*, 554 U.S. 570, 626 (2008).

4

the home.[32] Under the test set out in *Bruen*, a restriction on firearm possession must square with "this Nation's historical tradition of firearm regulation."[33]

Crawford argues Thompson's performance was deficient, the first prong of *Strickland*, because he failed to move to dismiss Crawford's Section 922(g)(1) charge as unconstitutional under *Bruen*.[34] Crawford argues the statute is unconstitutional as applied to his conduct for two reasons: because his earlier felony conviction was for simple drug possession and because he only discharged a firearm in self-defense.[35]

Fifth Circuit cases decided in the months before Crawford's sentencing noted that no binding cases had found Section 922(g)(1) unconstitutional as applied to convicted felons.[36] Since Crawford's sentencing, the Fifth Circuit has continued to reject both facial and as-applied constitutional challenges to Section 922(g)(1).[37] Moreover, as the Government notes, numerous sections of this Court have rejected similar *Bruen* challenges to Section 922(g)(1) charges because no binding precedent has held it unconstitutional.[38] Indeed, one section of this Court recently determined that permanent disarmament following a felony conviction for possession of Tramadol satisfies *Bruen* scrutiny because there are sufficient historical analogues to severely punishing

---

[32] *Bruen*, 597 U.S. at 70-71.
[33] *Id.* at 17.
[34] R. Doc. 52-1 at 3-4.
[35] *Id.*
[36] *See, e.g.*, *United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *3 (5th Cir. Sept. 8, 2023); *United States v. Garza*, No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023); *United States v. Johnson*, No. 22-20300, 2023 WL 3431238, at *1 (5th Cir. May 12, 2023).
[37] *See, e.g.*, *United States v. Contreras*, 125 F.4th 725 (5th Cir. 2025) (finding § 922(g)(1) constitutional on its face and as applied to defendant with previous felony conviction for being unlawful user of controlled substance in possession of a firearm).
[38] *See, e.g.*, *United States v. Nathan*, No. 23-174, 2024 WL 216926, at *3 (E.D. La. Jan. 19, 2024) (Morgan, J.) ("*Bruen* and *Rahimi* did not disrupt Fifth Circuit precedent concerning the constitutionality of § 922(g)(1)."); *United States v. Bazile*, No. 23-34, 2023 WL 7112833, at *4 (E.D. La. Oct. 27, 2023) (Africk, J.) ("[T]here is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional on its face or as applied and it is not clear that either *Bruen* or *Rahimi* dictate such a result.") (quoting *Garza*, 2023 WL 4044442, at *1) (cleaned up).

people convicted of possessing contraband.[39]  Given the tide of decisions against Crawford's favored argument, Thompson did not act deficiently by choosing not to make this argument.

As to Crawford's self-defense argument, Thompson made a similar argument when objecting to the four-point criminal level enhancement applied pursuant to U.S.S.G. § 2K2.1(b)(6)(B).[40]  The Court rejected this argument at sentencing, finding the video evidence indicated Crawford did not act in self-defense, and Crawford does not indicate why that argument would have been more effective in a motion to dismiss.[41]

Even accepting Crawford's allegations as true, he has not shown Thompson acted in a professionally unreasonable manner.  Therefore, there is no need to address the second *Strickland* prong of prejudice.[42]

### B. Failure to consult about appealing

Crawford argues he received ineffective assistance of counsel because Thompson did not preserve his *Bruen*-related arguments for appeal and because Thompson did not consult with him about appealing.[43]  As explained above, Thompson did not act in a professionally unreasonable manner by not filing a motion to dismiss challenging Section 922(g)(1)'s constitutionality as applied to Crawford, so Thompson did not act unreasonably by not preserving that argument for appeal.

Crawford's consultation argument is analyzed under the framework laid out by the Supreme Court in *Roe v. Flores-Ortega*.[44]  As with any other *Strickland* claim, Crawford must

---

[39] *See United States v. Carter*, No. 23-22, 2024 WL 4723236, at *6-7 (E.D. La. Nov. 8, 2024) (upholding the constitutionality of § 922(g)(1) as applied to a defendant with prior convictions for drug trafficking and possession).
[40] *See* R. Doc. 33.
[41] *See* R. Doc. 59 at 9.
[42] *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").
[43] R. Doc. 52-1 at 2-3.
[44] 528 U.S. 470 (2000).

6

show (1) Thompson's performance was deficient, and (2) that he was prejudiced by that deficiency.[45]

### i. *Performance prong*

An attorney necessarily acts unreasonably when he disregards specific instructions to file a notice of appeal.[46] That is because filing a notice of appeal is purely ministerial and cannot be considered a strategic decision to which lawyers are granted reasonable deference.[47] "At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."[48]

In *Flores-Ortega*, as here, the defendant did not claim to have specifically instructed counsel to appeal. So, the Court's analysis proceeds to ask whether counsel performed deficiently when the defendant did not clearly instruct counsel one way or the other.[49]

To begin, the Court must ask whether counsel consulted with the defendant about appealing.[50] In this context, "consult" means to "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes."[51] If there was a consultation, counsel only performs in a deficient manner by disregarding an express instruction regarding whether to pursue an appeal.[52]

Crawford claims Thompson did not consult with him about appealing (and there is no evidence otherwise), so a second question arises: "whether counsel's failure to consult with the defendant itself constitutes deficient performance."[53] Counsel's failure to consult with the

---

[45] *Id.* at 476-77.
[46] *Id.* at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)).
[47] *Id.*
[48] *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).
[49] *Id.*
[50] *Id.* at 478.
[51] *Id.*
[52] *Id.*
[53] *Id.*

7

defendant about appealing only constitutes deficient performance "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[54] In making this evaluation, courts consider whether the defendant pleaded guilty "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."[55] "Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."[56]

Crawford signed a plea agreement with an appeal waiver knowing that Thompson had not filed a motion to dismiss his Section 922(g)(1) charge as unconstitutional. Crawford was later sentenced below the statutory maximum and within the sentencing guidelines range. After receiving his sentence, Crawford confirmed he understood the consequences of not timely appealing, and he told the Court that he did not wish Thompson had done anything different in his defense.[57] Crawford does not claim he expressed any desire to Thompson to appeal after receiving his sentence.

The Fifth Circuit considered an ineffective assistance of counsel claim under similar circumstances in *United States of America v. Calderon*.[58] Like Crawford, Calderon signed a plea agreement waiving his right to appeal.[59] Calderon later challenged his conviction in a Section

---

[54] *Id.* at 480.
[55] *Id.*
[56] *Id.*
[57] R. Doc. 59 at 32.
[58] 665 F. App'x 356 (5th Cir. 2016).
[59] *Id.* at 366.

2255 motion, arguing that his counsel was ineffective for failing to challenge the sufficiency of the factual basis.[60]

A change in circumstances from the time a defendant signs a plea agreement to when the defendant receives his or her sentence can trigger counsel's duty to consult about appealing. For instance, when a defendant expects to receive a probation-only sentence but instead receives a significant term of imprisonment, consultation is required "because the sentencing raise[s] a new issue that did not exist when [counsel and the defendant] consulted regarding the plea agreement."[61]

The basis for Calderon's claim that the factual basis was insufficient to support his conviction "was known at the time he entered his guilty plea."[62] He "consulted with his attorney prior to entry of his guilty plea, and they discussed his concerns about the factual basis and the waiver of the right to a direct appeal."[63] Calderon's attorney even filed a motion to withdraw due to Calderon's concerns.[64] Calderon nevertheless entered his guilty plea fully aware that he was waiving his right to appeal his conviction, and Calderon's circumstances did not materially change after his guilty plea.[65] Accordingly, counsel was not unreasonable for failing to consult with Calderon about appealing.[66]

As in *Calderon*, Crawford's circumstances did not materially change from signing the plea agreement to receiving his sentence. While Crawford claims Thompson promised that he would receive a sentence no longer than 60 months, Crawford told the Court at his rearraignment hearing

---

[60] *Id.*
[61] *See id.* at 365.
[62] *Id.* at 366.
[63] *Id.*
[64] *Id.*
[65] *Id.*
[66] *Id.*

that he understood any estimate from Thompson would not be binding on the Court.[67] Moreover, Crawford ultimately received a sentence at the low end of his guidelines range.[68] Courts have repeatedly held that sentences within the guidelines range do not constitute a change in circumstances sufficient to trigger counsel's duty to consult.[69] And Crawford does not claim that he indicated to Thompson that he was interested in appealing at any time, even though he acknowledged at sentencing the consequences for not timely appealing.[70] Thus, Thompson's performance was not deficient for not consulting with Crawford about appealing.

      ii.    *Prejudice prong*

"The prejudice prong of *Strickland* is satisfied if the defendant establishes 'that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed,' regardless of whether his appeal had merit."[71] As in *Calderon*, the outcome on this prong is the same as the performance prong because Crawford "has not even alleged that he requested an appeal after entering his guilty plea, and he has not pointed to any evidence that he would have actually appealed, but for his counsel's failure to consult with him regarding an appeal."[72] Crawford's claim also fails on this prong.

---

[67] R. Doc. 58 at 5.
[68] *See* R. Doc. 59 at 13, 28.
[69] *See, e.g.*, *Guerrero v. United States*, No. 3:19-CV-2092-B-BH, No. 3:17-CR-341-B(12), 2022 WL 4295265, at *9 (N.D. Tex. Aug. 1, 2022) ("Because Movant did not tell counsel to file an appeal despite the Court's instruction at the conclusion of the sentencing hearing, and considering Movant's appellate-rights waiver, the charge on which he was convicted in comparison to the charges on which he was indicted, and his sentence at the lowest end of the applicable guideline range, counsel had no reason to think that a rational defendant would want to appeal."), *report and recommendation adopted*, 2022 WL 4295338 (N.D. Tex. Sept. 16, 2022); *Uba v. United States*, No. A-20-CV-1163-RP, (1:19-CR-78(5)-RP), 2021 WL 5416997, at *8 (W.D. Tex. Nov. 19, 2021) (same), *report and recommendation adopted*, R. Doc. 223, 1:19-CR-78(5)-RP (W.D. Tex. Feb. 8, 2022).
[70] R. Doc. 59 at 31-32; *but see Cong Van Pham*, 722 F.3d at 323 (finding counsel had duty to consult when defendant "was visibly upset at receiving a prison sentence instead of probation" and "spoke with his counsel [after sentencing] and 'brought up that he was concerned about getting 60 months and wanted to do something to get less time'").
[71] *Calderon*, 665 F. App'x at 366 (citing *Strickland*, 466 U.S. at 484) (internal citation omitted).
[72] *Id.*

### C. No evidentiary hearing needed

When a court considers a Section 2255 motion by a prisoner, an evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[73] Accepting Crawford's factual allegations as true, this Court has found that he is not entitled to relief under Section 2255. Accordingly, no evidentiary hearing is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Michael Crawford's Motion to Vacate (R. Doc. 52) his sentence under 28 U.S.C. § 2255.

New Orleans, Louisiana this 24th day of June 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[73] 28 U.S.C. § 2255; *see also United States v. Rivas-Lopez*, 678 F.3d 353, 358 (5th Cir. 2012).